IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SHAUN M., by and through his mother, KOOKIE W., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools; and DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br> Defendants. <br>_____ | CV. NO. 09-00075 DAE |

ORDER: (1) DENYING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DETERMINATION AND AWARD OF ATTORNEYS' FEES AND COSTS; AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' Objection and the supporting and opposing memoranda, the Court DENIES Defendants' Objection (Doc. # 50) to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Determination and Award of Attorneys' Fees and Costs.

(Doc. # 36).  The Court ADOPTS the Magistrate Judge's Findings and Recommendation.

## BACKGROUND

The Court repeats the background facts only as is necessary for a decision on the Objection to the Magistrate Judge's Findings and Recommendation ("F&R," Doc. # 50) in the discussion section below.  Additional background facts are contained in this Court's Order of October 22, 2009.  ("Order," Doc. # 34.)

Shaun M. is a three-year-old boy who lives with his parents and two older brothers. When Shaun M. was 12 to 15 months old, his pediatrician identified possible developmental delay in Shaun M.'s speech.  In 2007, Shaun M.'s mother ("Mother") authorized the Department of Health ("DOH") to begin early intervention services through Part C of the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.

This case arises out of administrative proceedings concerning Shaun M.'s October 22, 2008 Individualized Education Program ("IEP").  (Doc. # 34 at 5-6.)  On November 6, 2008, Plaintiffs filed a Request for Impartial Due Process Hearing challenging the IEP.  (Id. at 6.)  In their request, Plaintiffs did not object to any of the substantive provisions of the IEP; rather they wanted Shaun M. to be

placed at Kailua Elementary School rather than Kainalu Elementary School.  (Id.) Plaintiffs also requested compensatory time for any and all services missed as a result of the non-implementation of the June 10, 2008 IEP.  (Order at 20.)  Senior Hearings Officer Rodney A. Maile ("Hearings Officer") heard Plaintiffs' due process request on January 6, 7, and 15, 2009, and on January 30, 2009, he issued his Findings of Fact, Conclusions of Law, and Decision ("decision").  (Id. at 6-7; Doc. # 1 at Ex. A.)  In his decision, the Hearings Officer concluded that Defendants provided Shaun M. with a Free and Appropriate Public Education ("FAPE").  (Doc. # 34 at 7.)  Specifically, the Hearings Officer concluded that the IEP had been the correct educational placement for Shaun M. and that Kainalu Elementary School was an appropriate location.  (Id.)

On February 19, 2009, Plaintiffs filed a Complaint in this Court appealing the Hearings Officer's decision.  (Id.)  On October 5, 2009, this Court held a hearing on the matter and on October 22, 2009 issued an Order determining that the Plaintiffs presented two questions in their appeal:  (1) whether the Hearings Officer erred by finding and concluding that the DOE provided Shaun M. with a FAPE even though it does not appear Shaun M. received a "smooth and effective transition" from Part C IFSP services to Part B DOE services; and (2) whether the Hearings Officer erred by finding and concluding that DOE complied

3

with the IDEA's "stay put provision" and provided Shaun M. with a FAPE even though services under Part B were not provided to Shaun M. for 26 days.  (Order at 10-12.)

This Court stated that this issue did not bear on the IEP's creation or content, but rather its implementation.  (<u>Id.</u> at 14.)  In finding a material failure to implement Shaun M.'s IEP, this Court relied on the Ninth Circuit's materiality standard of <u>Van Duyn ex rel. Van Duyn v. Baker School District 5J</u>, 502 F.3d 811 (9th Cir. 2007).  (<u>Id.</u> at 16.)  Under this standard, "'a material failure to implement an IEP violates the IDEA.'"  <u>Van Duyn</u>, 502 F.3d at 822 ("[a] material failure occurs when there is more than a minor discrepancy between the services a school provides to a disabled child and the services required by the child's IEP.") (alteration in original, citation omitted).

By applying the foregoing standard to the instant case, this Court found that the this 26-day period without services constituted a material failure to implement Shaun M.'s IEP.  (<u>Id.</u> at 16.) ("[Defendants'] failure in this case is considerably more than a minor discrepancy.  It is a wholesale failure to implement any of the services required by Shaun M.'s IEP.")  This Court noted that the failure caused Shaun M. to regress in behavior and found that "[n]ot only does this wholesale disregard for the IEP services constitute a material failure to implement

4

the IEP, but it also violate[d] other provisions of the IDEA" including 20 U.S.C. § 1412(a)(9). (Id. at 18.) This Court reversed the Hearings Officer's decision with respect to Plaintiff's claim that the lack of services constituted a procedural violation of the IDEA. (Id. at 19, 22-23.)

However, this Court found that it could not award Plaintiffs the compensatory services requested without further investigation by the Hearings Officer. (Id. at 22.) Plaintiffs requested the Court to provide, "at the very least," the services Shaun M. missed during the twenty-six day gap. (Id. at 21.) This Court stated that "[a] problem . . . arises with respect to these services because Shaun M. has presumably progressed since the time these initial services were developed nearly a year ago." (Id. at 22.) This Court remanded the issue of compensatory education to the Hearings Officer and directed him to consider evidence regarding Shaun M.'s current needs and whether compensatory education would benefit him at this time. (Id.) The Hearings Officer was then directed to provide a detailed explanation as to why or why not compensatory education is warranted and his reasons for developing the particular compensatory program. (Id.)

On November 6, 2009, Plaintiffs filed a Motion for Determination and Award of Attorneys' Fees and Costs seeking attorneys' fees and costs pursuant to

5

20 U.S.C. § 1415(i)(3)(B).  (Doc. # 36.)  On November 19, 2009, Defendants appealed this Court's Order.  (Doc. # 38.)  On November 23, 2009, Defendants filed their memorandum in opposition to Plaintiff's Motion.  (Doc. # 46.)  On December 4, 2009, Plaintiffs filed a Reply in support of their Motion.  (Doc. # 47.)

On December 31, 2009, Magistrate Judge Barry M. Kurren recommended without a hearing that Plaintiffs' Rule 54(d) Motion for Determination and Award of Attorneys' Fees and Costs be granted.  (F&R, Doc. # 49.)  Specifically, the Magistrate Judge found that Plaintiffs are entitled to attorneys' fees and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 and recommended that Plaintiffs be awarded $48,541.87 for attorneys' fees and $931.34 for costs.  (Id. at 1-2.)

The Magistrate Judge found that Defendants had not shown that Plaintiffs' Motion was premature.  Specifically, the Magistrate Judge found that this Court's Order required "Defendants to do something they otherwise would not have had to do" by creating an obligation and requiring Defendants' further participation in the case while the issue of compensatory education is on remand.  (Id. at 7.)  Further, the Magistrate Judge determined that Plaintiffs' success was not purely technical or de minimis in that this Court found that Defendants materially failed to implement Shaun M.'s IEP, which was tantamount to denying him a

6

FAPE, and therefore there was a judicially sanctioned alteration of the parties' legal relationship that entitled Plaintiffs to attorneys' fees and costs as prevailing parties pursuant to 20 U.S.C. § 1415(i)(3)(B).  (Id. at 7-8.); V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d 1230, 1233 (9th Cir. 2007) (A material alteration of the parties' legal relationship is created if it gives plaintiffs "the ability to require[ ] [Defendants] to do something [they] otherwise would not have [had] to do.") (quotation omitted).  The Magistrate Judge then determined the amount of fees and costs without objection from Defendants.  (See id. at 9-13.)

On January 11, 2010, Defendants filed an Objection to the Magistrate Judge's F&R . ("Obj.," Doc. # 50.)   On January 15, 2010, Plaintiffs filed a Reply to Defendants' Objection. (Reply,  Doc. # 51.)

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations.  See 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination.  The court treats a motion for attorneys' fees as a dispositive motion to be reviewed de novo.  See 28 U.S.C. § 636(b); Local Rule 74.2.  A de novo review means "the court must

consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); Local Rule 74.2.

## DISCUSSION

I.  Defendants' Objections

Defendants argue that this Court should find that Plaintiffs are not prevailing parties under the IDEA, 20 U.S.C. § 1415(i)(3)(B). In their Objection, Defendants raise two arguments in support of their contention attorneys' fees are premature and the F&R should not be adopted by this Court: (1) Defendants' appealed this Court's Order and that appeal is pending with the Ninth Circuit; (2) the Court's Order did not order Defendants to reimburse Plaintiffs for anything or to provide specific educational services to Plaintiffs. (See Obj. at 1.) Defendants request that if the Court adopts the F&R that the Court order Plaintiffs to file a bond that would allow Defendants to recover from Plaintiffs the amount of

8

attorney's fees and costs paid to Plaintiffs should Defendants prevail in their appeal to the Ninth Circuit or if it is determined on remand that Plaintiffs are not entitled to compensatory education.  (Id.)

    A.    Effect of Defendants' Ninth Circuit Appeal on Determination of Plaintiffs' Prevailing Party Status

Defendants argue, without support, that their appeal to the Ninth Circuit renders the Plaintiffs' prevailing party status and payment of attorneys' fees and costs premature.  (See Obj. at 7.)  The Magistrate Judge did not address this issue, although it was apparently raised below.  (See F&R at 5-6.)  Defendants' argument has no merit.

Defendants' citation to Oscar v. Alaska Dep't of Edu. and Early Development, 541 F.3d 978, 981 (9th Cir. 2008) is inapposite.  In Oscar, the Ninth Circuit held that a dismissal without prejudice did not confer prevailing party status on the defendant because the action could be refiled.  Id.  Here, the Court determined Plaintiffs' appeal on the merits.  Attorneys' fees may be awarded when relief ordered on the merits creates an enforceable judgment.  See, e.g., Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001) (a change in the parties' legal relationship occurs when the court orders relief on the merits); see also V.S. ex rel. A.O. v. Los Gatos-Saratoga

Joint Union High Sch. Dist., 484 F.3d 1230, 1233 (9th Cir. 2007) (reversing district court's denial of attorneys' fees).  The right to attorneys' fees in this case does not depend on  exhaustion of all appeals.  See V.S., 484 F.3d at 1233.

      B.      Effect of Remand to Hearings Officer on Determination of Plaintiffs' Prevailing Party Status

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I).  "A prevailing party is one who 'succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'" Van Duyn, 502 F.3d at 825 (quoting Parents of Student W. v. Puyallup Sch. Dist., No. 3, 31 F.3d 1489, 1498 (9th Cir. 1994)) (alteration in original).  The success must create a material alteration of the parties' legal relationship and that alteration must be judicially sanctioned.[1] P.N. v. Seattle Sch. Dist., No. 1, 474 F.3d 1165, 1172 (9th Cir. 2007).  In the instant case, the only issue properly on appeal was whether Defendants' alleged failure to properly transition Shaun M., causing a 26-day period in which

---

[1] There is no question that this Court's Order fulfills the "judicially sanctioned" requirement, and Defendants do not proffer any arguments or support to the contrary.

Shaun M. received no DOE services, resulted in a material failure to implement his IEP.  (Order at 12, 14, 16.)

The Magistrate Judge determined that Defendants' material failure to implement Shaun M.'s IEP was tantamount to denying him a FAPE, and therefore this Court's Order created a judicially sanctioned alteration of the parties' legal relationship that entitled Plaintiffs to attorneys' fees and costs as the prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B).  (Id. at 7-8.)

The Magistrate Judge relied on V.S. ex rel. A.O. v. Los Gatos-Saratoga Joint Union High Sch. Dist., 484 F.3d 1230 (9th Cir. 2007) in making his determination.  The V.S. Court stated that a material alteration of the parties' legal relationship is created if it gives plaintiffs "the ability to 'require[ ] [Defendants] to do something [they] otherwise would not have [had] to do.'" Id. at 1233 (quotation omitted).  Further, recognizing that a party may not be considered to be prevailing if their success was "'purely technical or de minimis.'" the V.S. Court held that a determination by the district court that [the child] was denied a free and appropriate public education "is the most significant of successes possible under the Individuals with Disabilities Act." Id. at 1233-34 (emphasis omitted). Therefore, relying on V.S. and this Court's Order, the Magistrate Judge found that Defendants' failure was "considerably more than a minor discrepancy" but rather,

it was "a wholesale failure to implement any of the services required by Shaun M.'s IEP" and that this Court's remand, taken alone, constituted significant court-ordered relief. (Id.)

Defendants argue that because on remand the Hearings Officer could find that Shaun M. "is not entitled to any form of compensatory education at all" it is premature for this Court to determine Plaintiffs to be the "prevailing party" and to award them attorneys' fees. (Obj. at 6.)

This Court disagrees. Pursuant to this Court's Order, the Hearings Officer may not find that Shaun M. is not entitled to compensatory education. (Order at 22.) The Defendants' material violation of Shaun M.'s IPE entitles Shaun M. to whatever compensatory education the Hearings Officers determines is necessary under the circumstances. (Id.) If Plaintiffs are "awarded nothing," (see Obj. at 6), because the Hearings Officer finds that no compensatory education is needed or that any compensatory education would not be to Shaun M.'s benefit, Plaintiffs would still be the prevailing party because they succeeded on their claim that Shaun M. was entitled to whatever compensatory education was necessary.

Defendants' appeal to the Ninth Circuit alone does nothing to alter this obligation. See Buckhannon, 532 U.S. at 604; Hewitt, 482 U.S. at 760. Furthermore, as Plaintiffs point out, had Plaintiffs not been the prevailing party

because there was no change in the legal relationship between Plaintiffs and Defendants, Defendants would not have found it necessary to appeal this Court's Order to the Ninth Circuit.  (Reply at 4.)

This Court remanded the matter of compensatory education to the Hearings Officer because of the extended passage of time and problem of determining Shaun M.'s current needs.  (See Order at 22.)  This remand in no way diminishes this Court's finding of the DOE's material violation of the IDEA due to their "wholesale disregard" for Shaun M.'s IEP.  (See id. at 18.)   As the Magistrate Judge explained, the result of this Court's Order and Judgment is that the DOE is now being forced to do something it "otherwise would not have to do."   See V.S., 484 F.3d at 1233.  As a result of their failure to implement Shaun M.'s IEP, the DOE must proceed with the remanded administrative hearing and address Shaun M.'s current needs and whether compensatory education would benefit him at this time. (Order at 22.)   The Hearings Officer was then directed to provide a detailed explanation as to why or why not compensatory education is warranted and his reasons for developing the particular compensatory program.  (Id.)

Moreover, this Court's determination that the DOE materially failed to implement the IEP developed for Shaun M. may not be considered "purely technical or de minimis."  (See id. at 16 (citing Van Duyn, 502 F.3d at 823-25).)

13

This Court found that Defendants' wholesale failure to implement Shaun M.'s IEP occurred over a significant period of time, denied Shaun M. a "smooth and effective transition" from Part C IFSP services to Part B DOE services, and resulted in regressive behaviors. (See id. at 16-18.) Such a material failure is tantamount to a denial of FAPE.

Therefore, this Court finds that there was a material alteration of the parties' legal relationship and such alteration was judicially sanctioned. Accordingly, Plaintiffs are the prevailing party and are entitled to an award of reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) as determined by the Magistrate Judge.

For all the reasons above, the Court DENIES Defendants' Objection. The Court ADOPTS the Magistrate Judge's Findings and Recommendation.

II.   Bond

Defendants fail to cite any reasons or authority in support of their request that Plaintiffs file a bond for attorneys' fees. (See Obj. at 1, 7.) This Court finds no reason to require Plaintiffs to file a bond. See Fed. R. App. P. 8 ("A party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a

supersedeas bond; or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").

## CONCLUSION

The Court DENIES Defendants' Objection (Doc. # 50) to the Magistrate Judge's Findings and Recommendation to Grant Plaintiffs' Motion for Determination and Award of Attorneys' Fees and Costs. (Doc. # 36). The Court ADOPTS the Magistrate Judge's Findings and Recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 27, 2010.



David Alan Ezra
United States District Judge

Shaun M. v. Department of Education, Cv. No. 09-00075 DAE-BMK; ORDER: (1)DENYING DEFENDANTS' OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DETERMINATION AND AWARD OF ATTORNEYS' FEES AND COSTS; AND (2) ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION